[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13164
Non-Argument Calendar

_____

D. C. Docket No. 05-80138-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW WEISS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 12, 2007)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

On July 28, 2005, a Southern District of Florida grand jury returned a multi-

count indictment against Andrew Weiss, the appellant, and Marc Wells. In Count 1, Weiss, a physician, and Wells were charged with a 21 U.S.C. § 846 conspiracy to dispense Oxycodone outside the scope of professional medical practice and not for a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1). Counts 2 through 27 charged Weiss, and Counts 28 through 41 charged Weiss and Wells, with substantive offenses of illegally distributing Oxycodone by writing prescriptions for the drug that were outside the course of professional medical practice and not for a legitimate medical purpose in violation of § 841(a)(1). Count 52 charged Weiss with obstructing and impeding the grand jury investigation into his unlawful distributing of Oxycodone by creating and turning over false medical records to law enforcement officers in violation of 18 U.S.C. § 1512(c)(2).

On February 17, 2000, pursuant to a plea agreement with the Government, Weiss pled guilty to Counts 2, 9, 22 and 39. As part of the agreement, Weiss waived his right to appeal his sentences unless the sentences exceeded the statutory maximum penalty or were the result of the district court's upward departure from the sentence range prescribed by the Sentencing Guidelines. On May 22, 2006, the district court sentenced Weiss within the sentence range to concurrent prison terms

of 150 months and three year terms of supervised release.[1]  Weiss now appeals his sentences, contending that the sentence waiver contained in the plea agreement does not bar him from appealing his sentences on the ground that the Government breached the plea agreement.  In addition, Weiss claims that the district court, in determining the Guidelines sentence range, arrived at an incorrect base offense level and applied the incorrect standard to his request for a safety-valve reduction, under U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6) (2002).

Weiss contends that the Government breached the plea agreement in this way: during plea negotiations, it led him to believe that he would be held accountable for a specific number of Oxycodone pills, but informed the court's probation service that his offenses involved additional pills.  "Plea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir. 2005).  Therefore, whether the government has violated a plea agreement "is judged according to the defendant's reasonable understanding at the time he entered his plea." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996) (quotation omitted).  In finding what the defendant reasonably understood, we look to the agreement itself.  If the agreement is ambiguous, we consider extrinsic evidence of the parties' intent.

---

[1] The sentence range (for each of the four offenses) determined by using a total offense level of 33 and a criminal history category of I was 135 to 168 months' imprisonment.

United States v. Copeland, 381 F.3d 1101, 1106 (11th Cir. 2004). If the agreement is not ambiguous, we find the defendant's understanding from the four corners of the document. Id.

Nothing in the plea agreement in this case indicates that the Government was restricted from informing the court via its probation service of the number of pills for which Weiss should be held accountable. Although an initial draft of the agreement did state the specific number of pills involved in the offenses, that draft was not executed. The draft that became the plea agreement removed that statement – with Weiss's approval, of course. That draft stated that the U.S. Attorney reserved the right to "inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed . . . ." In sum, the plea agreement is not ambiguous, and we do not consider what the Government represented to Weiss in the initial draft. His argument that the Government breached the agreement fails.

We enforce a sentence appeal waiver, such as the waiver in this case, where the defendant agreed to the waiver knowingly and voluntarily. A knowing and voluntary waiver is shown where the "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Federal Rule of Criminal Procedure 11 colloquy, or (2) it is manifestly clear from the record that

4

the defendant otherwise understood the full significance of the waiver." United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues-indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999).

We enforce Weiss's waiver because the district court specifically questioned Weiss concerning the waiver, and found that he understood it, before accepting his guilty pleas. See Bushert, 997 F.2d at 1351.

For the foregoing reasons, Weiss's sentences are

**AFFIRMED.**